# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ELIE FRANK SMITH, JR.,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: |
| **BRANDON DEVON RAY,** an individual; **J.B. HUNT TRANSPORT SERVICES, INC.,** a domestic limited liability company; et al. | ) ) ) ) ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant improperly designated in the complaint as **J.B. Hunt Transport Services, Inc.** ("J.B. Hunt")[1], pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and files this Notice of Removal from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. As grounds for removal, J.B. Hunt shows unto the Court the following:

1.  Plaintiff Elie Frank Smith, Jr. initiated this civil action on or about May 26, 2022 in the Circuit Court of Jefferson County, Alabama, Civil Action No. 01-

---

[1] The Defendant's correct designation is J.B. Hunt Transport, Inc.

{DOC# 00807232}

CV-2022-901535. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers on file in the record of the state court action, which are within the possession, custody, and control of Defendant are attached hereto as Exhibit "A."

2. Defendant files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and asserts federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity of citizenship exists between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, venue is proper because the United States District Court for the Northern District of Alabama, Southern Division, encompasses the geographic area of the Circuit Court of Jefferson County, Alabama.

**A. Diversity of Parties**

3. Pursuant to 28 U.S.C. § 1332(a)(1), complete diversity exists between the parties properly joined in this action as of the date this lawsuit was filed and as of the date of removal. Plaintiff is an Alabama citizen. (Ex. A, Doc. 2 at ¶ 1)(*see* Slate v. Shell Oil Co., 444 F. Supp. 2d 1210, 1215 n. 9 (S.D. Ala. 2006)).

4. Defendant J.B. Hunt is a Georgia corporation with its principal place of business in Lowell, Arkansas. *See* Georgia Secretary of State, Business Search

Result, attached hereto as exhibit "B".[2] Therefore, J.B. Hunt is a citizen of Georgia and Arkansas for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Defendant Brandon Devon Ray is a domiciled citizen of the state of Tennessee. (*See id.* at ¶ 2).

5. The citizenship of fictitious Defendants named in Plaintiff's Complaint "shall be disregarded" in determining whether this civil action is removable based on diversity jurisdiction. 28 U.S.C. § 1441(b)(1). Accordingly, complete diversity exists because Plaintiff is an Alabama citizen, Defendant J.B. Hunt Transport is a Georgia and Arkansas citizen and Defendant Ray is a Tennessee citizen.

B. **Amount in Controversy**

6. The amount in controversy in this action exceeds the jurisdictional threshold of $75,000.00, exclusive of interests and costs. In *Roe v. Michelin*, the 11th Circuit Court of Appeals explained a defendant's burden where a complaint is silent as to the amount of damages sought (as is the complaint is in this case):

> If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In some cases, this burden requires the removing defendant to provide

---

[2] Pursuant to Rule 201(b)(2), FED. R. EVID., this Court may take judicial notice of a corporation's place of incorporation and its principal place of business when that information can be determined from public records. Haxton v. State Farm Mut. Auto. Ins. Co. Bd. of Dir's., No. 3:13cv485/MCR/EMT, 2014 U.S. Dist. LEXIS 98649, at *22 n.10 (N.D. Fla. June 17, 2014) (*citing* Garfield v. NDC Health Corp., 466 F.3d 1255, 1260 n.2 (11th Cir. 2006)); *see also* Worthington Fed. Bank v. Everest Nat'l Ins. Co., 110 F. Supp. 3d 1211, 1217-18 (N.D. Ala. 2015) (taking judicial notice of information from internet to determine citizenship of a corporate party).

additional evidence demonstrating that removal is proper. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id*. at 754 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316,1319 (11th Cir. 2001)).

If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").

Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id*. at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See id*. at 770 (quoting *Roe v. Michelin N. Am., Inc.,* 637 F.Supp.2d 995, 999 (M.D. Ala. 2009)); *see also Williams*, 269 F.3d at 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits.

Roe v. Michelin N. Am., Inc.*,* 613 F.3d 1058, 1061-62 (11th Cir. 2010).

7.      The complaint alleges that Plaintiff suffered "severe physical injuries" in the accident made the basis of the lawsuit.  (Ex. A, Doc. 2, ¶ 9.) The complaint further alleges that Plaintiff suffered "inconvenience, medical costs and expenses, out of pocket costs, and mental anguish, and emotional distress...." (*Id.*) Plaintiff seeks compensatory damages for pain and suffering and medical expenses and also seeks an award of punitive damages. (*See, e.g.,* Ex. A, Doc. 2 at p. 5)

8.      For purposes of removal pursuant to 28 U.S.C. § 1446(b)(1), these averments establish the amount in controversy exceeds $75,000.00 exclusive of interest and costs regardless of the fact the Complaint fails to identify a specific amount sought for damages. *See* <u>Bush v. Winn Dixie Montgomery</u>, LLC, 132 F. Supp. 3d 1317, 1318-20 (N.D. Ala. 2015) (citing Roe v. Michelin) ("[A] plaintiff…who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000*.*"); *see also* <u>Jones v. Novartis Pharm. Co.</u>, 952 F. Supp. 2d 1277, 1284 (N.D. Ala. 2013); <u>Seckel v. Travelers Home & Marine Ins. Co.</u>, No. 4:12-cv-4163- KOB, 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013).

### C. Timeliness

9.  This Notice of Removal is timely filed. A defendant has 30 days from the date of formal service of the summons and complaint in which to file the notice of removal. 28 U.S.C. § 1446(b)(1). Defendant was served with the summons and complaint on June 3, 2022. (*See* Exhibit "C"). Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

### D. Consent

10. Non-removing defendants who have been "properly joined and served" must consent to removal. 28 U.S.C. § 1446(b)(2)(A). Defendant Brandon Devon Ray has <u>not</u> been served; as such, he need not consent to the removal. (*See* Case Action Summary reflecting lack of service on Ray, attached hereto as Exhibit "D"). *Harris v. Pacificare Life & Health Ins. Co.*, 514 F. Supp. 2d 1280, 1286 (M.D. Ala. 2007) ("A defendant that has not been served with process need not join in or consent to removal." (citations omitted)).

### E. Notice

11. Contemporaneous with the filing of this Notice of Removal, a copy of this Notice of Removal is being filed with the Clerk of the Birmingham Division of the Circuit Court of Jefferson County, Alabama, and served upon counsel or all adverse parties as provided in 28 U.S.C. § 1446(d). Additionally, a Notice of Filing Notice of Removal, is being served upon Plaintiff and Defendant Brandon Devon

Ray. Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, this action is properly removed to this Court.

### F. Reservation of Defenses

12. By filing this Notice of Removal, Defendant does not waive any of its defenses, including, but not limited to, any defenses under Rule 12, FED. R. CIV. P.

/s/ *Evan P. Baggett*
Thomas L. Oliver, II (asb-3153-r53t)
Evan P. Baggett (asb-5568-v79b)
Attorneys for Defendant J.B. Hunt Transport, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
E-mail: toliver@carrallison.com
ebaggett@carrallison.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June 2022, I have served a copy of the above and foregoing on counsel for all parties by:

\_\_\_\_\_ Facsimile transmission;
\_\_\_\_\_ Hand Delivery;
\_\_\_\_\_ Electronic Mail;
\_\_\_\_\_ Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
__X__ Using the Alafile or CM/ECF system which will send notifications of such to the following:

J. Michael Bowling, Esq.
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
mbowling@forthepeople.com

Brandon Devon Ray
2224 US Highway 45
Trenton, TN 38382

>                              */s/ Evan P. Baggett*
>                              **OF COUNSEL**