FILED

2022 Jun-29  PM 01:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# DEFENDANT'S EXHIBIT A

# Copies of All Pleadings, Process, Papers on File in the Record of the State Court Action

ELECTRONICALLY FILED
5/26/2022 9:35 AM
01-CV-2022-901535.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case 01... <br><br>Date of Filing:<br>05/26/2022 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

**ELIE FRANK SMITH JR. v. BRANDON DEVON RAY ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

BOW046          5/26/2022 9:35:39 AM          /s/ JOHN MICHAEL BOWLING

Date          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES ☑ NO

DOCUMENT 2

ELECTRONICALLY FILED
5/26/2022 9:35 AM
01-CV-2022-901535.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **ELIE FRANK SMITH, JR.,** | ) | ***JURY TRIAL IS REQUESTED*** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **BRANDON DEVON RAY, an individual;** | ) | |
| **J.B. HUNT TRANSPORT SERVICES,** | ) | |
| **INC., a domestic limited liability** | ) | |
| **company; and FICTITIOUS PARTY** | ) | |
| **DEFENDANTS** | ) | |

---

**No. 1**, whether singular or plural, being the person driving the 2020 Freightliner Series truck that struck Plaintiff on November 01, 2021;

**No. 2**, whether singular or plural, being the person who owned the 2020 Freightliner Series truck that struck Plaintiff on November 01, 2021;

**No. 3,** whether singular or plural, being the person who entrusted the use of the 2020 Freightliner Series truck to Brandon Devon Ray and/or Fictitious Defendant No. 1 on November 01, 2021;

**No. 4,** whether singular or plural, being the person or entity who or which was the employer, master, or principal of the driver of the 2020 Freightliner Series truck involved in the occurrence made the basis of this lawsuit;

**No. 5**, whether singular or plural, being the person or entity for whom the driver of the 2020 Freightliner Series truck involved in this incident was performing some type of service or employment duty at the time of the collision on November 01, 2021;

**No. 6**, whether singular or plural, being the person or entity on whose behalf the 2020 Freightliner Series truck involved in the collision was being operated at the time of said occurrence;

**No. 7**, whether singular or plural, being the entity that issued any policy of insurance which provided coverage for the injuries Plaintiff received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage);

**No. 8**, whether singular or plural, being the entity or entities that provided any insurance coverage of any kind, including excess and/or umbrella type of coverage, for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle, and/or for any of the named Fictitious Party Defendants listed or described herein;

**No. 9**, whether singular or plural, being the person or entity, other than those described above, whose actions or failures to act contributed to cause the incident made the basis of this case.

Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained,

**Defendants**.

---

## COMPLAINT

---

### STATEMENT OF PARTIES & VENUE

1.  Plaintiff **ELIE FRANK SMITH, JR.** is an individual over the age of nineteen (19) years who was a resident of Shelby County, Alabama at all times relevant hereto.

2.  Defendant **BRANDON DEVON RAY** is an individual over the age of nineteen (19) years who was a resident of Gibson County, Tennessee at all times relevant hereto. Upon information and belief, Defendant Ray was the operator of the 2020 Freightliner Series truck that collided with Plaintiff on November 01, 2021, in Jefferson County, Alabama.

3.  Defendant **J.B. HUNT TRANSPORT SERVICES, INC**. (hereinafter "J.B Hunt")

is a foreign limited liability company qualified to do business in the State of Alabama with its principal place of business located in Lowell, Arkansas. Upon information and belief, Defendant Ray was an agent, servant and/or employee of Defendant J.B. Hunt and/or one or more Fictitious Party Defendants 1-9 and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant J.B. Hunt and/or one or more Fictitious Party Defendants 1-9 are vicariously liable for the negligent, wanton, and/or reckless conduct of Defendant Ray.

4.      Fictitious Defendants No. 1 through 9, whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, as described in the caption of Plaintiff's Complaint, all of whose true and correct names are unknown to the Plaintiff at this time but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

5.      On or about 12:45 PM on November 01, 2021, Plaintiff Smith was traveling Northbound on Interstate 59 at or near the intersection of Arkadelphia Road, in Birmingham, Jefferson County, Alabama.

6.      At the same time, Defendant Ray was traveling Northbound on Interstate 59 at or near the intersection of Arkadelphia Road in Birmingham, Jefferson County, Alabama.

7.      Upon information and belief, on the date set forth above, Defendant Ray was operating the 2020 Freightliner Series truck in the line and scope of his agency, service, or employment with Defendant J.B. Hunt and/or one or more Fictitious Party Defendants 1-9.

8.      As Plaintiff lawfully proceeded down the interstate, Defendant Ray failed to stay within a single lane of travel, causing the crash made the basis of this suit.

9.     The impact and collision, caused by the negligence and/or recklessness of Defendant Ray, resulted in severe physical injuries to Plaintiff Smith. Further, Plaintiff suffered inconvenience, medical costs and expenses, out of pocket costs, and mental anguish, and emotional distress, related to the events set out in this complaint.

## <u>COUNT I:</u>
## NEGLIGENCE/WANTONNESS

10.     Plaintiff adopts and re-alleges all prior paragraphs of this Complaint, as if set forth fully herein.

11.     At all times relevant hereto, Defendant Ray owed the motoring public, including the Plaintiff, certain duties of care, including:

    a)  The duty to operate his vehicle in a safe manner;

    b)  The duty to keep a proper lookout for other motorists; and

    c)  The duty to obey the Alabama Rules of the Road.

12.     Defendant Ray negligently, recklessly, and/or wantonly breached the duties of care owed to the Plaintiff on November 01, 2021, when he:

    a)  Negligently, recklessly, and/or wantonly operated his vehicle in an unsafe manner;

    b)  Negligently, recklessly, and/or wantonly failed to keep a proper lookout for other vehicles on the roadway; and

    c)  Negligently, recklessly, and/or wantonly failed to obey the Rules of the Road.

13.     The above-described negligence, recklessness and/or wantonness of Defendant Ray caused his tractor trailer to forcefully collide with Plaintiff.

14.     As a proximate result of the negligence, recklessness and/or wantonness of Defendant Ray, Plaintiff has been caused to suffer injuries and damages, including, but not limited to, the following:

a) Injury and pain to Plaintiff's body;

b) Pain and suffering;

c) Medical bills, costs, and expenses;

d) Out-of-pocket medical costs and expenses;

e) Out-of-pocket expenses, other than medical expenses; and

f) Mental anguish and emotional distress.

15.     The negligence, recklessness and/or wantonness of Defendant Ray combined and concurred with the negligence, recklessness and/or wantonness of all other named or Fictitious Defendants, causing Plaintiff to be damaged and injured as a proximate result.

16.     Plaintiff claims punitive damages as a result of the wanton and reckless conduct described herein.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff demands judgment against the Defendants, and/or fictitious defendants, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT II
## NEGLIGENCE *PER SE*

17.     Plaintiff adopts and re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

18.     Alabama Code § 32-5A-133 mandates that "(a) No person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided".

19.     Defendant Ray's violation of Alabama Code § 32-5A-133 constitutes negligence *per se*, such that Defendant Ray is liable for Plaintiff's injuries and damages as a matter of law.

20.     As a proximate result of Defendant Ray's negligence *per se*, Plaintiff has been caused to suffer injuries and damages, including, but not limited to, the following:

    a)  Injury and pain to Plaintiff's body;

    b)  Pain and suffering;

    c)  Medical bills, costs, and expenses;

    d)  Out-of-pocket medical costs and expenses;

    e)  Out-of-pocket expenses, other than medical expense; and

    f)  Mental anguish and emotional distress.

        **WHEREFORE, PREMISES CONSIDERED** Plaintiff demands judgment against the Defendants, and/or fictitious defendants, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT III:
### NEGLIGENT/WANTON ENTRUSTMENT

21.     Plaintiff adopts and re-alleges all prior paragraphs as if set forth fully herein.

22.     On or about 12:45 PM on November 01, 2021, Defendant Ray negligently, recklessly, and/or wantonly failed to maintain a proper lookout on Interstate 59, causing or allowing his tractor- trailer to forcefully crash into the Plaintiff and vehicle.

23.     Upon information and belief, Defendant J.B Hunt owned the vehicle being driven by Defendant Ray and/or had the right of control over use of the motor vehicle driven by Defendant Ray at the time of the collision.

24.     Additionally, or in the alternative, Defendant Ray was operating said tractor trailer in the service or employment of Defendant J.B. Hunt.

25.     The negligence, recklessness, and/or wantonness of Defendant J.B. Hunt, combined

and concurred with the negligence, recklessness, wantonness, or otherwise wrongful conduct of Defendant Ray and all other named or fictitious defendants, causing Plaintiff to be damaged and injured as a proximate result.

26.      Plaintiff demands punitive damages of all named and fictitious defendants, jointly and severally, for their respective wanton conduct.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff demands judgment against the Defendants, and/or fictitious defendants, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT IV
## VICARIOUS LIABILITY

27.      Plaintiff adopts and re-alleges all prior paragraphs as if set forth fully herein.

28.      At all times relevant to this case, and when the accident at issue occurred, Defendant Ray was acting within the line and scope of his employment with and/or was the agent of Defendant J.B. Hunt.

29.      Accordingly, Defendant J.B. Hunt is vicariously liable for the negligent and/ or wanton conduct of Defendant Ray as set forth in this complaint.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff demands judgment against the Defendants, and/or fictitious defendants, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT V
## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION

30.      Plaintiff adopts and re-alleges all prior paragraphs of this Complaint as if fully set

forth herein.

31.     Defendant J.B. Hunt and/or fictitiously described defendants, negligently hired, and retained its agents, employees, servants and/or contractors, including but not limited to, fictitious defendants, and Defendant Ray.

32.     Defendant J.B. Hunt Transport Inc., and/or fictitiously described defendants, further negligently failed to adequately train, supervise and/or monitor the activities of its agents, employees, servants and/or contractors, including but not limited to, fictitiously-described defendants, and Defendant Ray, and negligently failed to detect and/or deter the negligent or otherwise wrongful conduct by its agents, employees, servants and/or contractors, including but not limited to fictitiously-described defendants, and Defendant Ray.

33.     The negligence of Defendant J.B. Hunt Transport Inc., and/or one or more of the fictitious defendants previously identified, was the proximate and/or combining and concurring cause of the Plaintiff's injuries and damages as set out in paragraph fourteen (14) above and incorporated herein.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff demands judgment against the Defendants, and/or fictitious defendants, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT VI
## FICTITIOUS PARTIES

34.     Plaintiff adopts and realleges every material averment of Count I - V of this Complaint as if fully set forth herein, with the exception that Plaintiff substitutes the words "Fictitious Defendants 1 through 9" for the named Defendant in Counts I - V, above.

35.     Plaintiff avers that the negligent, reckless, or otherwise wrongful conduct of

Fictitious Defendants 1 through 9 combined and concurred with the negligent, reckless, or otherwise wrongful conduct of the named Defendant to proximately Plaintiff's injuries and damages, as set forth in Count I - V, above.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff demands judgment against the Defendants, and/or fictitious defendants, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES IN THIS CAUSE.**

_/s/  J. Michael Bowling_____
J. MICHAEL BOWLING (BOW046)
Attorney for Plaintiff

**OF COUNSEL:**
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
Telephone: (205) 517-6906
Facsimile: (205) 517-6886
mbowling@forthepeople.com

## PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL AT:

**Brandon Devon Ray**
**2224 US Highway 45**
**Trenton, TN 38382**

**J.B. Hunt Transport Services, Inc.**

**615 JB Hunt Corporate Drive**
**Lowell, AR 72745**

ELECTRONICALLY FILED
5/26/2022 9:35 AM
01-CV-2022-901535.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **ELIE FRANK SMITH, JR.,** | ) | ***JURY TRIAL IS REQUESTED*** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **BRANDON DEVON RAY, an** | ) | |
| **individual; J.B. HUNT TRANSPORT** | ) | |
| **SERVICES, INC., a domestic limited** | ) | |
| **liability company; and FICTITIOUS** | ) | |
| **PARTY DEFENDANTS** | ) | |
| | ) | |

## PLAINTIFF'S CONSOLIDATED DISCOVERY REQUESTS TO DEFENDANT BRANDON DEVON RAY

Plaintiff, ELIE FRANK SMITH, JR., ("Plaintiff"), by and through his undersigned attorney and pursuant to the *Alabama Rules of Civil Procedure*, hereby propounds the following consolidated discovery requests to Defendant, BRANDON DEVON RAY ("Defendant" or "Defendant Ray").

## DEFINITIONS

The following words, when used in these discovery requests, unless otherwise indicated, shall mean:

A.   The terms "You" and "Your" refer to Defendant, Brandon Devon Ray and to his present or former agents, attorneys, representatives and other persons who have acted or purported to act on his behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B.   The term "wreck" refers to the collision on or about November 01, 2021, in Jefferson County, Alabama motor vehicle incident that is the basis of the Plaintiff's Complaint;

C.   "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, logbook,

minutes, notes, study, survey and/or forecast.

D.     The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or other copies or different documents.

E.     "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association, and any other organization.

F.     "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer, and job title.

G.     "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities.

H.     "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

I.     "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

J.     "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

K.     "Plaintiff" shall refer to Elie Frank Smith, Jr., and any present or former agents, attorneys, representatives, and all other persons who have acted or purported to act on their behalf pursuant to contract or otherwise in any of the materials covered by

these interrogatories and requests for production, whether or not it is contended that such entity or person had authority to act on their behalf.

L.  *PRIVILEGE LOG*: For each and every requested document that is claimed to be privileged: (i)  identify the document by date, author, addressor and addressee; (ii) identify the person who presently has custody, control or possession of the original and all copies thereof; (iii)  state specifically each and every ground on which the claim of privilege is based; (iv)  identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## **INTERROGATORIES**

1.      State your full correct name, residence address, business address, date of birth, social security number and driver's license number.

2.      State the name and address of your employer(s) at the present time and for the previous ten years, including dates of employment.

3.      At the time of the incident made the basis of this lawsuit, did you have a valid driver's license in any state other than Tennessee? If so, please provide the following for each such license:

a. The state;

b. The license number; and

4.      Please identify all policies of insurance that were in effect on the date of the wreck, including in your answer the: name of the insurance company, policy number, policy period, named insured(s) and policy limits.

5.      Has anyone (including any third person or you or anyone acting on your behalf) taken a written or oral statements (whether signed or unsigned) from any person who may have knowledge of any discoverable matter which is or may be relevant to any claim or defense involved in the subject matter of the present action, whether on the issue of liability or damages? If so, please state:

a. The name, address and relationship to you of every person from whom any such statement was taken;

b. The name and address of the person (and his or her employer) who took any such statement from any such person; and

NOTE: With regard to your answer, Plaintiff is not asking that you produce documents that were prepared in anticipation of litigation or would possible be subject to claims of work-product privilege. Since no such documents are requested, such objections would not apply.

6.      State how you left the scene of the collision.

7.      Please state whether or not you were working for an employer or pursuant to any contract when this accident occurred.  If so, please identify the employer or contract.

8.      State the address from where you departed prior to the wreck, as well as the address of where you were going.

9.      Describe in detail any and all conversations that took place between you and the Plaintiff, and/or anyone else at the scene of the crash.

10.     Did you take any photographs of the vehicles, scene, roadway and/or persons involved in the wreck?  If so, please identify the device used to take such photographs and generally describe what was photographed.

11.     If you sought medical treatment within one week (seven days) of the wreck made the basis of this suit, please identify the name and address of the treatment provider and the dates of treatment.

12.     If you wear glasses or prescription lenses and/or have been diagnosed with any vision impairment, please identify the name and address of your eye doctor(s).

13.     Identify all traffic citations you have received within the past ten (10) years, specifying the date and location of the occurrence, the offense(s) charged, whether you were convicted and the fine or penalty levied.

14.     Identify all other traffic incidents you have been in as a driver, specifying the date, location, parties involved, whether you were at fault and whether you were injured.

15.     Please provide the complete phone number(s) and the name of the cell phone provider(s) for each and every cell phone you had on, November 01, 2021.

16.     If you contend that you were *not* using a phone at the time of the wreck, then please identify that first call that you made or received *after* it occurred, including in your answer the name and number of the person with whom you spoke and a description of the conversation.

17.      If you contend that you were *not* using a phone at the time of the wreck, then please identify that first text message that you sent or received *after* it occurred, including in your answer the name and number of the sender/recipient and the substance of the message.

18.     Have you ever been convicted, entered no lo contendere or pled guilty of any crime? If so, please state: the full details for such crime, crime or offense charged with, date charged, city, state and county where charged, and outcome.

19.     Have you ever been a party to a lawsuit (either as a plaintiff or as a defendant)?  If your

answer is in the affirmative, please identify the style, civil action number, venue, and brief description of the nature of the suit.

20.    State specifically and in detail exactly how the collision made the basis of this suit occurred and describe chronologically the events that occurred leading up to the collision including each and every thing that the Plaintiff did which contributed to cause the collision of each and every negligent act or omission of the Plaintiff prior to said collision.

21.    If you have given a written or recorded statement to any individual concerning the incident made the basis of this suit, state to whom said statement was given and when and the name and address of the person who has possession, custody, and control of said document.

22.    State the name and address of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said expert(s) are expected to testify.

23.    State the substance of the facts, opinions, and conclusions to which every expert is expected to testify in this case.

24.    Do you understand the responses to these interrogatories are to be answered under oath and they are to be supplemented when additional information is discovered?

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### *Please produce true and correct copies of the following*:

1. All diagrams of the crash scene.

2. Video recording of the crash, if any.

3. Photographs of the wreck scene and/or roadway.

4. Photographs of the Plaintiff's vehicle after the wreck.

5. Photographs of your vehicle after the wreck.

6. Photographs of the Plaintiff.

7. All repair estimates pertaining to the truck and trailer being operated by you at the time of the wreck.

8. All repair invoices showing actual cost of repairs to the vehicle being operated by you at the time of the wreck.

9. Statements obtained from the Plaintiff.

10. Statements obtained from the Defendant(s).

11. Statements obtained from all witnesses.

12. Produce a copy of each and every insurance agreement under which any person carrying on an insurance business or entity carrying on an insurance business may be liable to satisfy part of or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment rendered in this lawsuit. This should include any primary and excess insurance policies and should include all portions of the policy including, but not limited to, the declarations page or pages.

13. All umbrella policies that were in effect on the date of the wreck, including declarations pages.

14. All reservation of rights letters from insurers pertaining to some or all of the claims made against you in the subject litigation.

15. All coverage denial letters from insurers pertaining to some or all of the claims made against you in the subject litigation.

16. All of any of the Plaintiff's medical records obtained pursuant to subpoena or otherwise.

17. All call records for all telephonic device(s) owned and/or utilized by you on November 01, 2021, including, but not limited to, the following:

    a.    Records reflecting calls placed by you, and/or anyone acting on your behalf;

    b.    Records reflecting calls received or missed by you, and/or anyone acting on your behalf.

18. All messaging records for all telephonic device(s) owned and/or utilized by you on November 01, 2021, including, but not limited to, the following:

    a.    Records reflecting text and/or SMS messages sent by you, and/or anyone acting on your behalf;

    b.    Records reflecting text and/or SMS messages received by you/your device and/or anyone acting on your behalf.

19. If you sought medical treatment as a result of the incident, please produce true and correct copies of all such medical records.

20. If you underwent toxicological testing following the wreck, please produce true and correct

copies of all such test results.

21. All data retrieved from communication and/or GPS tracking systems contained within the vehicle operated by you at the time of the wreck.

22. A clear and legible copy of both sides of Defendant's driver's license.

23. All incident investigations, reports, memoranda, correspondence, etc., which relate to the motor vehicle collision made the basis of this lawsuit.

## **REQUEST FOR ADMISSIONS**

1. Admit or deny that the jurisdiction and venue of this matter is proper in the Circuit Court of Jefferson County, Alabama.

2. Admit or deny that at the time of the accident made the basis of this lawsuit, your vehicle did not suffer from any mechanical defect or failure which proximately contributed to the collision.

3. Admit or deny that no foreign objects or material in the roadway proximately caused or contributed to the accident made the basis of this lawsuit.

4. Admit or deny that the accident made the basis of this lawsuit occurred on November 01, 2021.

5. Admit or deny that just prior to the accident made the basis of this lawsuit you were:
      a. Talking on a cellular phone or electronic device;
      b. Texting on a cellular phone or electronic device;
      c. Perusing any websites and/or mobile applications on a cellular phone or electronic device;
      d. Watching a video clip, etc. on a cellular phone or electronic device;
      e. Listening to the radio/stereo in your vehicle;
      f. Eating or drinking;
      g. Smoking a cigarette;
      h. Consuming an intoxicating beverage;
      i. Consuming any drugs.

6. Admit or deny you saw the Plaintiff prior to the collision.

7. Admit or deny that you failed to both keep a proper lookout and reduce your speed causing the collision made the basis of this lawsuit.

      */s/ J. Michael Bowling*
      J. MICHAEL BOWLING (BOW046)
      Attorney for Plaintiff

**OF COUNSEL:**
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
Telephone: (205) 517-6906
Facsimile: (205) 517-6886
mbowling@forthepeople.com

### PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL AT:

**Brandon Devon Ray**
**2224 US Highway 45**
**Trenton, TN 38382**

**J.B. Hunt Transport Services, Inc.**

**615 JB Hunt Corporate Drive**
**Lowell, AR 72745**

ELECTRONICALLY FILED
5/26/2022 9:35 AM
01-CV-2022-901535.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **ELIE FRANK SMITH, JR.,** | ) | ***JURY TRIAL IS REQUESTED*** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **BRANDON DEVON RAY, an** | ) | |
| **individual; J.B. HUNT TRANSPORT** | ) | |
| **SERVICES, INC., a domestic limited** | ) | |
| **liability company; and FICTITIOUS** | ) | |
| **PARTY DEFENDANTS** | ) | |
| | ) | |

### PLAINTIFF'S CONSOLIDATED DISCOVERY REQUESTS TO DEFENDANT J.B. HUNT TRANSPORT SERVICES, INC.

Plaintiff, ELIE FRANK SMITH, JR., ("Plaintiff"), by and through his undersigned attorney and pursuant to the *Alabama Rules of Civil Procedure*, hereby propounds the following consolidated discovery requests to Defendant, J.B. HUNT TRANSPORT SERVICES, INC. ("Defendant" or "Defendant J.B Hunt").

### DEFINITIONS

For the purposes of these interrogatories, the following definitions shall apply:

1. "Plaintiff" means the named Plaintiff and includes their agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for them or in their behalf.

2. Each interrogatory seeks information available to Defendant J.B. Hunt and all persons acting in its behalf.  Accordingly, as used herein, the terms "Defendant", "you" and "your" refer without limitation to Defendant J.B. Hunt, its attorneys, agents and anyone who, at the relevant time, was acting or purporting to act for it or in its behalf.

3. The terms "Ray" and "Driver" and "Defendant driver" refer to Defendant, Brandon Devon Ray.

4. The term "including" shall mean including, but not limited to, and shall be interpreted as broadly as possible.  Any specifically listed items to be included in the request shall not be an exclusive list and shall not be interpreted to limit the breadth of the request.

5. As used herein, the term "relating to" includes relating in any way or pertaining to, referring to or having as its subject matter, directly or indirectly, expressly, or impliedly, the subject matter of the specified interrogatory.

6. "Identify" or "describe" or "description":

   a) when used in referring to an individual, means to state his/her full name, present and last known residence, business affiliation and business address and telephone number:

   b) when used in referring to an entity formed as a corporation, partnership, limited liability company or other entity means to state its full name, its date and state of formation, if known, and its principal place of business;

   c) when used in referring to an entity other than those listed in (b) means to state its official name, its organizational form, and its address;

   d) when used in referring to a document, means to state the type of document, date, author, addressee(s), title, its present location, the name and address of its custodian, the substance of its contents (except that in lieu of stating the substance of the contents of any document, you may attach a complete copy of the document to your answers to these interrogatories), the label name or description of each file where the original or a copy of the document is kept or located, and any file number or numbers used in connection with it;

   e) when used in referring to a discussion or communication, means to state the medium of the discussion or communication (e.g., telephone conversation, letter, telegram, fax, text, email, instant message, chat, telecopy, written memorandum, face-to-face communication, etc.,), the date of the discussion or communication, or the dates on which the communication was sent and received if the dates are not the same, the substance of the discussion or communication, the identity of each individual involved or participating in the discussion or communication, the identity of the person who initiated the discussion or communication, the identity of all persons present and/or

witnesses to said discussion or communication, the identity of any documents embodying or summarizing the communication or in any way related to it, and the identity of the custodian of each such document regarding the communication;

f) when used in referring to an event, means to describe in detail all actions or conduct and all communications and discussions comprising the event, including a statement of what occurred, the date or dates on which the occurrence took place, the identity of all persons and individuals who participated, the identity of all persons and individuals who witnessed or were present, but not participating, and a description of all documents relating to the event, including particularly, documents summarizing, describing or characterizing the event.

g) when using in referring to a piece of equipment, system or other physical object, personal property or system, means to describe in detail the make or brand, the model, model number, serial number, vehicle identification number, model year, and any numbers or labels assigned to it.

7. "Person" means any natural or legal person, partnership, business, or entity of any kind.

8. "All facts on which you rely" means to identify all facts or events, including any series of related facts or events, which you contend support an allegation or position.

9. The terms "documents" and "records" as used herein shall mean any and every written, printed, typed, electronic or other media of any kind or nature relating to the subject matter of the interrogatory; and shall include all computerized information, any and all e-mails, all copies of documents by whatever means made, all papers, letters, correspondence, faxes, spreadsheets, telegrams, statements, affidavits, inter-office communications, memoranda, stenographic or handwritten notes, notations, notebooks, reports, checks, canceled checks, bank statements, receipts, invoices, bills of lading, log books, toll receipts, delivery receipts, fuel receipts, D.O.T. citations, weigh station receipts, calendars, schedules, diagrams, studies, publications, books, pamphlets, pictures, drawings and schematics of every type, films, videos, audio recordings, maps, surveys, minutes, telexes, contracts, memoranda of agreement, diaries, graphs, charts, income tax forms, other forms, microfilms, microfiche, computations, data processing cards, computer tapes and printouts, and any other form of electronic media, and

things similar to any of the foregoing; and every copy of such document whenever the original is not in your possession, custody or control. The term includes any markings, comments or notations of any character not a part original document or photographic reproduction thereof, such as initials, stamps, date stamps, edits, post-it notes, high lighting, etc. Any such markings on the front, back or margins shall not be redacted and shall be part of the legible copies produced. Any markings are to be identified or produced and, if necessary, identified as a separate document.

10. As used herein, the "date" shall mean the exact day, month, and year, as ascertainable, or, if not, the best approximation (including relationship to other events).

11. The terms "incident", "crash" or "accident" means the crash that gives rise to this suit, which occurred on or about November 01, 2021, in Jefferson County, Alabama.

12. As used herein, the "relevant time period" means from 365 days before the crash through 120 days after the crash. Unless a different time frame is specified, please answer each interrogatory for the relevant time period.

13. The term "government agency" shall mean any and all federal, state or municipal agency, bureau, department, administration, etc. including, but not limited to, any department of transportation, any investigating officer, the Federal Highway Safety Administration, the Federal Motor Carrier Safety Administration, and any law enforcement agency.

14. The term "electronic device" shall mean any and all electronic technology, software, devices or systems in or on the tractor, trailer(s) or cargo including: communication devices (e.g. cellular telephones, satellite telephones, all Bluetooth devices, tablets, I pads, Kindle, Android electronics, Apple devices, mobile hot-spot, mobile gateway, Wi-Fi device, computers, laptops, PDA's, etc.); G.P.S., R.F.I.D., or other tracking devices; telematics devices; route planning devices; fleet management devices; fleet tracking devices; cargo monitoring systems; safety monitoring devices (e.g. hard stops, acceleration and deceleration, collisions; lane change, drive cams, etc.); driver monitoring devices or cameras; on board systems; any

onboard cameras or video devices (e.g. dash cams, go pro's, back-up cameras, etc.); audio recording devices; all in-cab display monitors; engine control modules; event data recorders; airbag control modules; brake control modules; electronic on-board recorders; any intelligent vehicle automated vehicle or connected vehicle technology; all maintenance related systems (e.g. remote diagnostic systems, fault code monitoring system, prognostic systems, etc.); any sensors that capture and transmit data; any third party electronics, devices, software or systems of any kind (e.g. VORAD, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, Cadec, Vnomics, Virtual Technician, OEM Diagnostic System, Trackpoint, Sense-Aware, Lytx, DriveCam, Rair, Omnitracs, Zonar, Guard Dog Connect, On Command Connection, Virtual Technician, etc.) or any similar system; any driver safety, compliance, or hours of service logging or monitoring systems; any transponders or tachographs; any bar code or toll pass systems; any entertainment or gaming systems (e.g. televisions, hand held electronic games, PlayStation, Xbox, Wii, etc.); any other tracking system, logging unit, trip monitor, trip recorder, satellite systems, cellular systems, etc., and all other third party systems, electronics or other devices not described above that were present in or on the tractor, trailer(s) or cargo at the time of the Crash, whether factory installed, after market, mounted or removable and whether or not it was working or recording. This would include any Apps on any electronic device in or on the tractor, trailer(s) or cargo (e.g., Transflo Mobile, BigRoad Free Truck Driver Logbook, Drivers Daily Log, Fuelbook, Drive Axle, Trucker Logbook, UShip, Dispatcher, ABF Mobile, TransFlo, CDL Warrior – Trucker Tools, Werner, Weigh My Truck, etc.).

15. PRIVILEGE LOG: For each and every requested document that is claimed to be privileged: (i) identify the document by date, author, addressor and addressee; (ii) identify the person who presently has custody, control or possession of the original and all copies thereof; (iii) state specifically each and every ground on which the claim of privilege is based; (iv) identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## **INTERROGATORIES**

1. What are the names, telephone numbers and addresses of all persons taking part in answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed at the time of the crash and when answering these interrogatories?

   **ANSWER:**

2. If you contend that Plaintiff Smith has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

   **ANSWER:**

3. Identify all systems and/or electronic devices in or on the vehicle being driven by Defendant Ray at the time of the subject crash, whether each had the capability of recording and or transmitting any data, and state whether or not that data has been preserved and/or downloaded, and if so, identify anyone involved, the present location or custodian of each, and each report of download.

   **ANSWER:**

4. Describe all steps you undertook prior to hiring, training, retaining, or contracting with Defendant, Brandon Devon Ray, the date of each activity, and identify all persons or entities involved in that process.

   **ANSWER:**

5. Was Defendant, Brandon Devon Ray acting within the course and scope of his employment or agency with you or any other Defendant at the time of the crash? If not, explain the basis for your contention and identify documents and witnesses that support your contention.

   **ANSWER:**

6. Describe in detail each act or omission on the part of any party to this lawsuit or nonparties that you contend constituted negligence that was a contributing legal cause of the crash and/or damages claimed in the suit.

   **ANSWER:**

7. Do you contend that any person or entity other than the Defendant driver, Ray, is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based and whether or not you have notified each such person or entity of your contention.

**ANSWER:**

8.  List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which all such persons have knowledge.

    **ANSWER:**

9.  Have you heard or do you know about any report, statement or remark made by or on behalf of any party to this lawsuit concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

    **ANSWER:**

10.  Describe the type, model, make, serial number, phone number, name of account holder and service provider, of any communication device, including but not limited to cell phones, smart phones, PDA's, tablets, laptops and Ipads owned or possessed by you or Defendant driver, Ray on the date of the crash, indicate whether such devices were in the vehicle being driven by Defendant driver at the time of the crash, state whether such device was used at or near the time of the crash for GPS navigation, web surfing, e-mail or text messaging, or any other purpose, and if so, when and with whom Defendant driver, Ray was communicating.

    **ANSWER:**

11.  Please describe any paperwork, forms, logs, reports, or other documents that were required to be prepared, and all documents actually prepared, with respect to the driver during the thirty (30) days prior to, and including, the date of the crash, the reason for preparing such documents, when they were prepared, how they were prepared, whom the documents were submitted to and their current location/records custodian.

    **ANSWER:**

12.  Please state whether you have ever made any investigation or inquiry concerning Defendant Ray's licensure, qualifications, driving record, safety record, criminal history, insurance coverage, references, and/or reputation.  If so, please describe each inquiry, including the date of each such investigation or inquiry, identify all persons or entities involved in each such inquiry and his, her or its relationship or position as to you at the time, the nature of each such inquiry, the results and substance of all information obtained by each such inquiry, any communications or actions generated as a result, and identify any documents that relate to each inquiry.

    **ANSWER:**

13. Please state whether, to your knowledge, Defendant, Ray was ever involved in any crashes or incidents resulting in bodily injuries, death, or significant property damage, or if you were aware of any complaints or safety concerns regarding either, or if he committed any traffic infractions in the operation of any vehicle.  For each, please identify all persons or entities involved, describe the nature of the crash, incident, complaint or citation, the date of each, where it occurred, and who, if anyone, the Defendant driver, Ray was an agent or employee of at the time, whether each resulted in any property damage and/or personal injuries or death, whether each resulted in any litigation or claims, and what, if any, disciplinary actions were taken against him.

**ANSWER:**

14. Have you been a Defendant in any other personal injury or wrongful death lawsuits arising out of motor vehicle or commercial motor vehicle crashes during the last 5 years?  If so, please provide the following information for each:

    a.   the date of the incident forming the basis of the injury claimed;
    b.   the location of the incident giving rise to the claim;
    c.   describe the incident;
    d.   identify the person injured or killed;
    e.   identify the lawyer(s) who represented any party to the lawsuit;
    f.   the date the litigation was filed;
    g.   the court in which it was filed;
    h.   the case name and style;
    i.   the case number; and
    j.   describe the date and type of disposition of the case.

**ANSWER:**

15. Describe your relationship with Defendant Ray at the time of the subject crash, including the nature of the relationship and legal status (e.g. employee, contractor, partner, etc.), how long the entities have conducted business together, what terms, conditions, and/or agreements existed between the entities at the time of this crash, describe all documents that evidence the agreements (contracts, material term sheets, memoranda of understanding, etc.) and identify by name, title and address the people within your company that have the most knowledge about each relationship.

**ANSWER:**

16. Describe in detail all policies, procedures, rules, guidelines, directives, manuals, handbooks, training, and education (including on the job training) you provided to Defendant driver in any way related to the operation, maintenance, inspection or use of a motor vehicle.

**ANSWER:**

17. Please describe the entire transportation cycle for all of your goods and/or products in the vehicle being driven by Defendant, Ray at the time of the crash.

**ANSWER:**

18. Please state whether the vehicle being driven by Defendant driver, Ray at the time of the subject crash was provided by you, or someone else on your behalf, for his use, and please describe your policies regarding employees' or agents' use of company provided vehicles.

**ANSWER:**

19. Please list all policies of insurance in force and effect that may provide coverage for the claims made in this lawsuit, including in your answer all coverages and their respective policy limits.

**ANSWER:**

20. Please state whether or not J.B. Hunt Transport Inc., provided Defendant, Ray a cell phone or any gps and/or communication device, if so provide the account holder, carrier, and full telephone number.

**ANSWER:**

21. State the name and address of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said expert(s) are expected to testify.

**ANSWER:**

22. State the substance of the facts, opinions, and conclusions to which every expert is expected to testify in this case.

**ANSWER:**

## REQUESTS FOR PRODUCTION

1. For each person, entity and vehicle involved in the subject crash or named in this lawsuit, provide a complete and certified copy of the declarations pages, policy forms, endorsements, amendments and other documents for any insurance policies that you (or any other Defendant, to your knowledge) had in force and effect at the time of the subject crash, whether or not you contend the policy covers or may provide coverage for the damages sought in the Complaint, including for any automobile, business auto, commercial general liability, business liability, personal negligence liability, umbrella or excess coverage policies.

**ANSWER:**

2. Your policies and standards when the Defendant driver, Ray was hired, retained, or contracted with, including, if different any such policies and standards that were in place at the time of the incident.

   **ANSWER:**

3. Your compensation practices applicable to the Defendant driver, Ray in effect during the relevant time period.

   **ANSWER:**

4. Your employee or driver manuals or handbooks in effect during the relevant time period not otherwise requested or produced.

   **ANSWER:**

5. Transcripts or recordings of all depositions, trial testimony or other sworn testimony of corporate designees for you have given in the past five years for any reason and in the past ten (10) years in any case where it was alleged that a driver or other employee or agent working for you caused injury or death to another person.

   **ANSWER:**

6. All documents, records, and reports regarding all incidents or accident reports for five years before the subject crash to present.

   **ANSWER:**

7. The application for employment submitted or completed by the Defendant Ray.

   **ANSWER:**

8. All Requests for Check of Driving Record and/or criminal records submitted to any government agency, or anyone, requesting a copy of the driving and/or criminal records for the Defendant driver, Ray and everything received in response to each such request.

   **ANSWER:**

9. All documents not otherwise requested or produced of any kind that relate to any pre-employment background investigation of Defendant driver, Ray, including without limitation any investigation of his qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to his employment with you or his fitness or ability to operate commercial motor vehicles.

**ANSWER:**

10. Any documents regarding Defendant Ray's employment or agency with you or any fictitious Defendant covering the time period from the date when Defendant Ray first became employed or contracted with you, up until the date of your response to this request, specifically including the date of the incident made the basis of Plaintiff's Complaint.

**ANSWER:**

11. Any documents relating to any lease agreements or contracts between you or any other Defendant and Defendant driver Ray pertaining to the vehicle he was operating at the time of the incident.

**ANSWER:**

12. Any and all repair records pertaining to the vehicle Defendant Ray was operating at the time of the subject crash for a period encompassing two (2) months prior to same to two (2) months afterward.

**ANSWER:**

13. Copies of all documents (a) explaining how Defendant Ray was compensated for the one year leading up to and including the date of the subject crash and extending one month afterward; (b) describing any bonus, incentive, or other additional compensation available to him at the time of the subject crash, and (c) showing any detention of wages over the same time period.

**ANSWER:**

14. A legible color image or copy of both sides of Defendant Ray's current license and any prior driver's licenses, including any C.D.L. or endorsements.

**ANSWER:**

15. Any documents or reports whatsoever regarding the subject crash, including any disciplinary actions taken against Defendant Ray.

**ANSWER:**

16. The results of all pre-employment, periodic, random, and post-crash controlled substance or alcohol testing of the Defendant driver, Ray.

**ANSWER:**

17. A complete copy of any post-crash drug test reports on any driver involved in the

subject crash.

   **ANSWER:**

18. The entire contents of all files relating to Defendant, Ray not otherwise produced, including personnel, payroll, discipline, or any other files.

   **ANSWER:**

19. All documents of any kind that relate to any action (formal or informal) by you or any supervisor or manager or anyone working by or on your behalf or any other defendant directed to Defendant Ray for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing your drivers in any way relating to the safe operation of any vehicle, including all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

   **ANSWER:**

20. All materials received pursuant to subpoena.

   **ANSWER:**

21. All photographs obtained of the scene, Plaintiff's vehicle, and/or Defendant's vehicle.

   **ANSWER:**

## **REQUEST FOR ADMISSIONS**

1. Admit or deny that the jurisdiction and venue of this matter is proper in the Circuit Court of Jefferson County, Alabama.

2. Admit or deny that as of November 01, 2021, J.B. Hunt Transport, Inc. was responsible for the training and supervision of its employees.

3. Admit or deny J.B. Hunt Transport, Inc has a duty to prevent unsafe driving practices.

4. Admit or deny that the collision that occurred on November 01, 2021, was preventable.

5. Admit or deny that as of November 01, 2021, J.B. Hunt Transport, Inc. had no written safety policies and procedures.

6. Admit or deny that as of November 01, 2021, J.B. Hunt Transport, Inc. did not have a safety department.

7. Admit or deny that J.B. Hunt Transport, Inc. did not conduct post-accident testing for alcohol and/or controlled substance testing.

8. Admit or deny that J.B. Hunt Transport, Inc. did not conduct a post-collision investigation following the November 01, 2021, collision at issue in this case.

9. Admit or deny that the motor vehicle collision made the basis of this lawsuit occurred on November 01, 2021.

10. Admit or deny that J.B. Hunt Transport Inc. provided a cellular phone to Defendant, Ray to use work related matters.

11. Admit or deny that J.B. Hunt Transport Inc. does not have any documentation related to Defendant, Ray's driving record for the 5 years preceding Defendant, Ray's hiring at J.B. Hunt Transport Inc.

12. Admit or deny Defendant Ray was working within his line and scope of employment at the time of the collision made the basis of this lawsuit.

13. Amit or deny that J.B. Hunt Transport Inc. Did not provide any written training material to Defendant, Ray after his hiring and/or during his orientation.

14. Admit or deny that J.B. Hunt Transport Inc. does not provide any written safety materials and/or documents to its employees.

15. Admit or Deny the vehicle operated by Defendant Ray had systems and/or electronic devices in or on the vehicle at the time of the subject crash, whether each had the capability of recording and or transmitting any data, and state whether or not that data has been preserved and/or downloaded, and if so, identify anyone involved, the present location or custodian of each, and each report of download.

 /s/ J. Michael Bowling
J. MICHAEL BOWLING (BOW046)
Attorney for Plaintiffs

**OF COUNSEL:**
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
Telephone: (205) 517-6906
Facsimile: (205) 517-6886
mbowling@forthepeople.com

### **PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL AT:**

**Brandon Devon Ray**
**2224 US Highway 45**
**Trenton, TN 38382**

**J.B. Hunt Transport Services, Inc.**

**615 JB Hunt Corporate Drive**
**Lowell, AR 72745**



AlaFile E-Notice

01-CV-2022-901535.00

To:   JOHN MICHAEL BOWLING
        mbowling@forthepeople.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ELIE FRANK SMITH JR. V. BRANDON DEVON RAY ET AL
01-CV-2022-901535.00

The following complaint was FILED on 5/26/2022 9:35:29 AM

Notice Date:        5/26/2022 9:35:29 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-901535.00

To:  BRANDON DEVON RAY
2224 US HWY. 45
TRENTON, TN, 38382

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ELIE FRANK SMITH JR. V. BRANDON DEVON RAY ET AL
01-CV-2022-901535.00

The following complaint was FILED on 5/26/2022 9:35:29 AM

Notice Date:     5/26/2022 9:35:29 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-901535.00

To:  J.B. HUNT TRANSPORT SERVICES, INC.
615 JB HUNT CORPORATE DR.
LOWELL, AR, 72745

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ELIE FRANK SMITH JR. V. BRANDON DEVON RAY ET AL
01-CV-2022-901535.00

The following complaint was FILED on 5/26/2022 9:35:29 AM

Notice Date:     5/26/2022 9:35:29 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2022-901535.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**ELIE FRANK SMITH JR. V. BRANDON DEVON RAY ET AL**

**NOTICE TO:** BRANDON DEVON RAY, 2224 US HWY. 45, TRENTON, TN 38382

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN MICHAEL BOWLING

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Avenue North, Suite 102, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                  *(Name(s)]*

05/26/2022                          /s/ JACQUELINE ANDERSON  SMITH      By: _____
*(Date)*                              *(Signature of Clerk)*                              *(Name)*

☐ Certified Mail is hereby requested.
*(Plaintiff's/Attorney's Signature)*

---

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                          *(Name of County)*

Alabama on _____ .
*(Date)*

_____    _____    _____
*(Type of Process Server)*      *(Server's Signature)*            *(Address of Server)*

                              _____    _____
                              *(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2022-901535.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ELIE FRANK SMITH JR. V. BRANDON DEVON RAY ET AL

**NOTICE TO:**   J.B. HUNT TRANSPORT SERVICES, INC., 615 JB HUNT CORPORATE DR., LOWELL, AR 72745

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JOHN MICHAEL BOWLING
_____,
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Avenue North, Suite 102, BIRMINGHAM, AL 35203
_____.
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                    *(Name(s)]*

| _____05/26/2022_____ | /s/ JACQUELINE ANDERSON  SMITH | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.          _____
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                 *(Name of County)*

Alabama on _____.
*(Date)*

_____       _____       _____
*(Type of Process Server)*          *(Server's Signature)*            *(Address of Server)*

_____       _____
*(Server's Printed Name)*          *(Phone Number of Server)*